IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL LABOR RELATIONS BOARD,<br><br>Applicant,<br><br>v.<br><br>INTERNATIONAL ALLIANCE OF THEATRICAL AND STAGE EMPLOYEES, LOCAL 16; STEVEN LUTGE; and SANDY COLEMAN,<br><br>Respondents.<br>_____/ | No. C 13-80072 MISC<br><br>**ORDER REQUIRING SUPPLEMENTAL BRIEFING AND POSTPONING HEARING** |

The National Labor Relations Board has filed an application for an order requiring compliance with its subpoenas. The subpoenas direct respondents to produce documents and testimony for use in an investigation pending before the Board.

In its brief in support of its application, the Board states that there is an unfair labor practice charge against the International Alliance of Theatrical and Stage Employees, Local 16 ("Union") filed by David Jury. The charge alleged that the Union violated the national Labor Relations Act by failing to refer Mr. Jury for work through its hiring hall for arbitrary, capricious, and/or discriminatory reasons. The Board asserts that the documents and testimony sought from respondents are relevant to the pending investigation.

Pursuant to the Board's rules, respondents filed petitions to revoke the subpoenas. On January 28, 2013, the Board issued an order denying all of respondents' petitions to revoke the subpoenas. That same day, counsel for respondents emailed counsel for the Board to inform him

that they would not voluntarily comply with the subpoenas. According to the Board, since that time, respondents have taken no steps to comply with the subpoena.

On April 16, this Court issued an order to show cause requiring a response from respondents as to why the Board's application should not be granted and setting a briefing schedule. In response, respondents filed a two-page opposition brief. Without argument or explanation, respondent's opposition states:

> Since the instant matter was undertaken by the NLRB, the D.C. Circuit Court of Appeals has handed down its decision in *Noel Canning v. National Labor Relations Board*, 705 F.3d 490 (D.C. Cir. 2013), which suggests that the NLRB has no authority to enforce the subpoenas since it is acting without a quorum. Therefore, the Union takes the position that the Court must deny the Application for Enforcement due to its lack of a quorum. This issue was raised by the Union after the Regional Director asked the Union to comply with the Order from the NLRB in Washington stating that the subpoenas should be enforced.

(Dkt. No. 8). Respondents then restate their objections to the subpoenas on the grounds that they are overbroad, vague, and the like — again without any further argument or explanation.

Respondents' cursory reference to a non-binding decision from the D.C. Circuit is inadequate to establish a ground for denying the Board's application. Respondents are hereby ordered to file a supplemental brief responding to the Board's briefs in this matter. The response is due by **MAY 8 AT NOON**. The Board must file a reply brief, due by **MAY 13 AT NOON**. The briefs are limited to ten pages. In addition to addressing the *Noel Canning* decision, the parties should address the extent to which subpoenas are issued by the General Counsel or are issued and/or approved by the Board. The hearing scheduled for May 2 is hereby **RESET FOR MAY 23 AT 8:00 A.M.**

**IT IS SO ORDERED.**

Dated: May 1, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2